**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Holmes Andrew Simpson-Davis, Appellant.

Appellate Case No. 2017-001974

_____

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-138
Submitted April 1, 2020 – Filed May 20, 2020

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Senior Assistant Attorney General J. Anthony Mabry, all
of Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

_____

**PER CURIAM:** Holmes Andrew Simpson-Davis appeals his conviction and life sentence for murder, arguing the trial court erred by declining to charge the jury on voluntary manslaughter. Because we find no evidence in the record supporting a voluntary manslaughter charge, we affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the record in the light most favorable to Simpson-Davis, we find the record does not support a voluntary manslaughter charge and the trial court did not abuse its discretion in declining to provide the requested charge. *See State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *State v. Cole*, 338 S.C. 97, 101, 525 S.E.2d 511, 512-13 (2000) ("In determining whether the evidence requires a charge on voluntary manslaughter, [the appellate court] must view the facts in the light most favorable to the defendant."). The record does not support a finding that Simpson-Davis acted under a sudden heat of passion upon a sufficient legal provocation. *See id.* at 101, 525 S.E.2d at 513 ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation."); *id.* ("Heat of passion alone will not suffice to reduce murder to voluntary manslaughter."); *id.* ("Both heat of passion and sufficient legal provocation must be present at the time of the killing."); *State v. Walker*, 324 S.C. 257, 260, 478 S.E.2d 280, 281 (1996) ("The sudden heat of passion, upon sufficient legal provocation, which mitigates a felonious killing to manslaughter, while it need not dethrone reason entirely, or shut out knowledge and volition, must be such as would naturally disturb the sway of reason, and render the mind of an ordinary person incapable of cool reflection, and produce what, according to human experience, may be called an uncontrollable impulse to do violence."). Here, Simpson-Davis arrived at the scene of an existing altercation armed with a loaded deadly weapon. The evidence indicates Simpson-Davis, along with another unidentified associate, displayed loaded weapons, causing the altercation to escalate. The evidence is undisputed that the victim reacted to the sight of two guns when he bumped into Simpson-Davis. There is no evidence in the record indicating Simpson-Davis was afraid due to the physical contact by the victim. *See State v. Starnes*, 388 S.C. 590, 598, 698 S.E.2d, 604, 609 (2010) ("[A] person's fear immediately following an attack or threatening act may cause the person to act in a sudden heat of passion. However, the mere fact that a person is afraid is not sufficient, by itself, to entitle a defendant to a voluntary manslaughter charge."); *State v. Smith*, 391 S.C. 408, 413, 706 S.E.2d 12, 15 (2011) ("In determining whether the act which caused death was impelled by heat of passion or by malice, all the surrounding circumstances and conditions are to be taken into consideration, including previous relations and conditions connected with the tragedy, as well as

those existing at the time of the killing.").  Additionally, the record shows the physical altercation was over at the time of the killing and Simpson-Davis continued shooting seventeen times at other bystanders after killing the victim, injuring two others.  Thus, we affirm the trial court's decision to deny a voluntary manslaughter charge.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.